NO. 07-07-0264-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 13, 2007


______________________________



JOSEPH MARK DAIGLE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 52,293-D; HONORABLE RICHARD DAMBOLD, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

ABATEMENT AND REMAND


 Following a plea of not guilty, appellant Joseph Mark Daigle was convicted by jury
of aggravated sexual assault of a child, enhanced. (1) The jury assessed punishment at 99
years confinement in the Institutional Division of the Texas Department of Criminal Justice. 
Appellant timely filed his notice of appeal. The reporter's record, clerk's record and
supplemental clerk's record have been filed. Appellant's brief was due to be filed on
October 31, 2007, but has not yet been filed. Further, no motion for extension of time has
been filed. 

 By letter dated November 13, 2007, this Court notified appellant's appointed
attorney of the failure and also explained that if no response was received by November
26, 2007, the appeal would be abated pursuant to Rule 38.8(b) of the Texas Rules of
Appellate Procedure. We have received no response and accordingly now abate the
appeal and remand the cause to the trial court for further proceedings pursuant to Rule
38.8(b)(2) and (3). On remand, the trial court shall utilize whatever means necessary to
determine the following:

 1. Whether appellant truly desires to prosecute the appeal;

 2. If so, whether appointed counsel for appellant has abandoned the
appeal; and

 3. Whether appellant's present counsel, given his failure to file a brief, will
pursue the appeal or the appointment of new counsel is necessary. 


 Should it be determined that appellant does want to continue the appeal and is
indigent, and that new counsel should be appointed, the trial court shall appoint new
counsel to represent appellant in this appeal. If new counsel is appointed, the name,
address, telephone number, and state bar number of newly appointed counsel shall be
included in an order appointing counsel. If necessary, the trial court shall execute findings
of fact, conclusions of law, and any necessary orders it may enter regarding the
aforementioned issues and cause its findings, conclusions, and orders, if any, to be
included in a supplemental clerk's record. A supplemental reporter's record of the hearing,
if any, shall also be included in the appellate record. Finally, the trial court shall file the
supplemental clerk's record and the supplemental reporter's record, if any, with the Clerk
of this Court by January 14, 2008.

 It is so ordered. 


 Per Curiam


Do not publish.
1. See Tex. Penal Code Ann. § 22.021 (Vernon 2007). This is a first degree felony
punishable by imprisonment for life or any term of not more than 99 years or less than 5
years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.32 (Vernon 2003).
Appellant plead true to both enhancement paragraphs contained within the indictment and
his sentence was enhanced accordingly pursuant to Texas Penal Code § 12.42 (Vernon
2007).